# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIARE LAMAR BROWN, | | No. 4:26-CV-00394 |
| Petitioner, | | (Chief Judge Brann) |
| v. | | |
| LINDSY KENDALL, | | |
| Respondent. | | |

## MEMORANDUM OPINION AND ORDER

### APRIL 20, 2026

Petitioner Niare Lamar Brown is currently incarcerated at the State Correctional Institution in Camp Hill, Pennsylvania. In February 2026, he filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which attempts to collaterally attack his 2019 state-court convictions and sentence entered by the Court of Common Pleas of Lycoming County, Pennsylvania, at docket number CP-41-CR-0001017-2018.[1] Brown, however, has already filed one such habeas petition in federal court that has been adjudicated and denied on the merits.[2] Because Brown has not obtained permission from the appropriate court of

---

[1] *See generally* Doc. 1.
[2] *See Brown v. Hainsworth*, No. 3:23-cv-70, 2023 WL 4846853 (W.D. Pa. July 28, 2023).

appeals to file a second or successive Section 2254 petition,[3] this Court must dismiss the instant petition for lack of jurisdiction.[4]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes strict limitations on filing second or successive habeas corpus petitions in federal court.[5]  Of particular relevance for Brown's instant petition, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application *shall* be dismissed" unless the petitioner can satisfy one of two narrow exceptions.[6]  Those exceptions are either (1) reliance on a previously unavailable "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"; or (2) new facts that could not previously have been discovered by due diligence which would establish "by clear and convincing evidence that, but for constitutional error," no reasonable juror would have found the petitioner guilty.[7]  However, even if a petitioner can potentially meet one of these exacting preconditions, he must first

---

[3]  Brown has not alleged or established that he has received authorization from the United States Court of Appeals for the Third Circuit to file a second or successive Section 2254 petition. The Court has also independently scoured the Third Circuit's docket, and it does not appear that Brown has filed a motion for leave to file a second or successive Section 2254 petition.

[4]  *See* 28 U.S.C. § 2254 Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

[5]  *See generally* 28 U.S.C. § 2244.

[6]  *Id.* § 2244(b)(2) (emphasis added); *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

[7]  28 U.S.C. § 2244(b)(2)(A)-(B).

"move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive] application."[8]

Under the AEDPA, this Court does not have jurisdiction to entertain Brown's second or successive Section 2254 petition.[9]  If he desires to press a new post-conviction claim in this Court that was not raised in his initial Section 2254 petition, he must first obtain authorization from the United States Court of Appeals for the Third Circuit under 28 U.S.C. § 2244(b)(3) before filing such a second or successive habeas petition in this Court.  Therefore, because it is clear that habeas jurisdiction is lacking, the Court must dismiss the instant Section 2254 petition.[10]

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that:

1.  Brown's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice for lack of jurisdiction.

2.  The Court declines to transfer the instant petition to the court of appeals, as it does not appear that Brown can meet the stringent requirements for filing a second or successive Section 2254 petition.

3.  A certificate of appealability shall not issue.  Brown has not made a substantial showing of the denial of a constitutional right, s*ee* 28 U.S.C. § 2253(c)(2), or that "jurists of reason would find it debatable" whether this Court's procedural rulings are correct, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4.  Brown's motion to dismiss (Doc. 7) and motion to stay (Doc. 16) are **DISMISSED** as moot in light of the foregoing paragraphs.

---

[8]  *Id.* § 2244(b)(3)(A)-(C).
[9]  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007).
[10]  *Id.*; *Benchoff v. Colleran*, 404 F.3d 812, 820-21 (3d Cir. 2005).

4

5.      The Clerk of Court is directed to CLOSE this case.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge